ACCEPTED
06-14-00193-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/3/2015 9:39:57 AM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/3/2015 9:39:57 AM

DEBBIE AUTREY
Clerk

**No. 06-14-00913-CR**

---

# IN THE SIXTH DISTRICT COURT OF APPEALS
## AT TEXARKANA, TEXAS

---

### JAMES OLSEN
#### Appellant,

### v.

### THE STATE OF TEXAS

**Appealed from the 71st District Court
Harrison County, Texas**

---

### BRIEF OF THE APPELLANT

---

**Clement Dunn
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783**

### ORAL ARGUMENT WAIVED

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.    Appellant:    James Olsen

2.    Appellant's Trial Counsel:    Clement Dunn
      Attorney at Law
      140 E. Tyler Street, Suite 240
      Longview, TX 75601
      TSB No. 06249300

3.    Appellant's Counsel on Appeal:    Clement Dunn
      Attorney at Law
      140 E. Tyler Street, Suite 240
      Longview, TX 75601
      TSB No. 06249300

4.    Attorney for the State:    Ms. Patricia Colleen Clark
      Assistant District Attorney, Harrison County
      P.O. Box 776
      Marshall, Texas 75791
      TSB No. 04293800

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

## Cases

*Robinson v. California*, 370 U.S. 660 (1962)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Robinson v. California*, 370 U.S. 660, 666-667 (1962).. . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ingraham v. Wright*, 430 U.S. 651, 671-72, n. 40 (1977)... . . . . . . . . . . . . . . . . . . . . . . . 3

*Miller v. Alabama*, 132 S. Ct. 2455,2475 (2012) ... . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Graham v. Florida*, 560 U.S. 48,82 (2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Kammler*, 136 U.S. 436, 447 (1890).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wilkerson v. Utah*, 99 U.S. 130,136 (1879).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Henderson v. Norris*, 258 F. 3d 706, 714 (8th Cor. 2001)... . . . . . . . . . . . . . . . . . . . . . . . 4

*Gonzalez v. Duncan*, 551 F. 3d 875, 891 (9th Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . 4

*Trop v. Dulles*, 356 U.S. 86, 101 (1958)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Solem v. Helm*, 463 U.S. 277, 303 (1983)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Malloy v. Hogan, 378 U.S. 1, 8 (1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Robinson v. California*, 370 U.S. 660 (1962)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Constitutional Provisions

Eighth Amendment to The United States Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fifth Amendment to The United States Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fourteenth Amendment to The United States Constitution.. . . . . . . . . . . . . . . . . . . . . . . . 3

## STATEMENT OF THE CASE

Offense:       Driving While Intoxicated-Third or More

Verdict:       Guilty; Five (5) years confinement - Texas Department of Criminal Justice - Institutional Division

Date of Verdict:       July 15, 2014

Trial Court:   71st District Court, Harrison County, Texas.

This case involves a prosecution for "Driving While Intoxicated-Third or More," a third degree felony. A Harrison County Grand Jury returned an indictment alleging this offense against the Appellant on September 25, 2013. (C.R.2.) The Appellant entered a plea of guilty, without a plea agreement, to the District Court, on May 29, 2014. R.R. 1 Following the preparation of a pre-sentence report, the District Court held a hearing on sentencing on July 15, 2014, and sentenced the Appellant to five years' confinement in the Texas Department of Criminal Justice- Institutional Division. R.R. 2.

## STATEMENT REGARDING ORAL ARGUMENT

Believing the instant case contains issues capable of resolution on the basis of the record and the briefs, the Appellant respectfully does not request oral argument.

## ISSUES PRESENTED

1.     The sentence violates the Eighth Amendment to the United States Constitution.

2.     The District Court erred in considering the Appellant's failure to state he suffers from an alcohol problem when the Appellant did not testify.

# STATEMENT OF THE FACTS

As noted in the pre-sentence report, and as voluminous medical records before the District Court documented, the Appellant has cancer--of the throat, larynx, and esophagus. RR.2, at 8. No one disputed the existence of the Appellant's illness or its seriousness. The District Court acknowledged this, saying to the Appellant at the sentencing hearing: "I don't know if you even can talk." Id., at 12.

At the sentencing hearing, the District Court stated: "He (the Appellant) did say he did not have a drinking problem." R.R.2, at 8. Subsequently, the following colloquy occurred:

> Mr. Olsen, I don't you know the thing that caught my eye, other than the six DWIs, was the fact that you indicated that you didn't have a drinking problem and maybe you have addressed that issue right now. I don't know. One of my jobs is to protect the public and, you know, I understand the health condition. I looked at the information that was provided with regard to the programs that are there. I don't know what – I was going to ask you, but you didn't – I don't know if you even can talk. You got sentenced to three years how much of that time did you do?

>> A       A minimum.

>> The court:       Okay.

> Was that like within months you were out? That you didn't – because that was 11 years ago on the three years that you got for your–

>> A       I have not had a drink. This was an isolated incident.

>> The Court:       And Mr. Olsen I hear that every single time.

>> A       I know.

>> The Court:       That is not – you are not the first person that is telling me that.

>> A       I understand.

R.R, 2,at 11, L.20-12, L .20.

The District Court then imposed its sentence of five years' incarceration. Id.

## SUMMARY OF THE ARGUMENT

1.      The imposition of a sentence of five years' confinement in the Texas Department of Criminal Justice-Institutional Division violates the Eighth Amendment to the United States Constitution: the Appellant's medical conditions renders this sentence "cruel and unusual."

2.       The District Court emphasized the Appellant's failure to admit he has a "drinking problem": this violates the Appellant's right against self-incrimination under both state and federal constitutional provisions.

**Issue Number One:** The sentence violates the Eighth Amendment to the United States Constitution.

As noted above, the Appellant suffers from a matrix of incredibly serious medical problems. This includes cancer of the throat, larynx, and esophagus. The District Court, having access to the Appellant's medical records, expressed uncertainty whether the Appellant could even speak.

If the Eighth Amendment has any place in our jurisdiction, then surely these facts implicate its application. A prison sentence assessed against an individual beset with life-altering, and life-threatening, conditions of this magnitude surely falls at least into the category of disproportionality.  The task of comparing this sentence with other sentences in "similar" cases, in any jurisdiction, represents an exercise in impossibility: the Appellant's grim circumstances stand alone, unique to him and to his case.

BRIEF OF APPELLANT, JAMES

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U. S. Const. Amend. VIII. The Fourteenth Amendment makes the prohibition against cruel and unusual punishment applicable to the states. See: Robinson v. California, 370 U.S. 660, 666-667 (1962). The Eighth Amendment concerns punishment imposed after the state has secured a formal adjudication of guilt. See: Ingraham v. Wright, 430 U.S. 651, 671-72, n. 40 (1977).

In recent jurisprudence, the courts have applied the Cruel and Unusual Punishment Clause to limit criminal punishment in the following ways: (1) the imposition of "substantive limits on what can be made criminal and punished as such," id.; (2) prohibition of certain kinds of punishment, id., see also: Miller v. Alabama, 132 S. Ct. 2455,2475 (2012) ( Eighth Amendment prohibits mandatory life without parole as a sentence for juvenile homicide offenders); Graham v. Florida, 560 U.S. 48,82 (2010)(8th Amendment prohibits imposition of sentences of life without parole on juvenile offenders who did not commit homicide); In re Kammler, 136 U.S. 436, 447 (1890)(torture and lingering death not permissible); and Wilkerson v. Utah, 99 U.S. 130,136 (1879)(torture and all punishments involving unnecessary cruelty not permissible); and (3) it prohibits punishment  "grossly disproportionate" to the severity of the offense. See: Ingraham, 430 U.S. at 667,  supra; see also, e.g.: Henderson v. Norris, 258 F. 3d 706, 714 (8th Cir. 2001)(life sentence for first offense delivery of less than one gram of cocaine grossly disproportionate) and Gonzalez v. Duncan, 551 F. 3d 875, 891 (9th Cir. 2008)(sentence of 28-years-to-life grossly disproportionate for regulatory crimes for failure to update sex offender registration). In Trop v. Dulles, 356 U.S. 86, 101 (1958)(plurality opinion), the Court held that a punishment

once considered constitutional may be considered excessive in violation of the Eighth Amendment if it contravenes "the evolving standards of decency that mark the progress of a maturing society."

In <u>Solem v. Helm</u>, 463 U.S. 277, 303 (1983), the Court held that the imposition of a life sentence without the possibility of parole for a seventh nonviolent felony conviction violated the Eighth Amendment. The Court set out three criteria for analyzing the proportionality of sentences: (1) a comparison of the gravity of the offense with the harshness of the penalty; (2) a comparison of the sentence with those imposed for various offenses in the same jurisdiction; and (3) a comparison of the sentence with those imposed for the same or similar offenses in other jurisdictions. <u>Id.</u>, at 292.

As discussed above, the unique circumstances of the Appellant's medical condition make the penalty excessively harsh; this remains true in light of the gravity of the offense. The Appellant's commission of the offense of Driving While Intoxicated involves conduct neither violent nor intentional. His criminal history involves several convictions for Driving While Intoxicated, as the District Court noted, but no evidence of any violent conduct arose at all. The Appellant respectfully, and regretfully, submits that a prison sentence for him amounts to a "life sentence" in view of his condition. This brings his case in line with the holding in <u>Solem</u>, <u>supra</u>: life without parole for seven non-violent felonies violates the Eighth Amendment.

Also as noted above, the Appellant's unique situation renders his case insusceptible to the comparative analysis envisioned in <u>Solem</u> regarding proportionality in other or the same jurisdiction. Rather, the instant case more closely, fits the second category of the

analytical framework of <u>Ingraham</u>, <u>supra</u>: the prohibition of certain kinds of punishment. Specifically, the punishment assessed against Appellant stands as "disproportionate" under <u>Solem</u> and as the punishment assessed as the "kind" of punishment that offends "the evolving standards of decency that mark the progress of a maturing society." <u>Trop</u>, <u>supra</u>.

**Issue Number Two:** The District Court erred in considering the Appellant's failure to state he suffers from an alcohol problem when the Appellant did not testify.

The Fifth Amendment to the United States Constitution states, in pertinent part that "no person shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. This privilege applies to the states through the Fourteenth Amendment. See: <u>Malloy v. Hogan</u>, 378 U.S. 1, 8 (1964). In the instant case, the Appellant did not testify at the sentencing phase. Yet, the District Court emphasized : "He did say he did not have a drinking problem." R.R.2, at 8. The District Court re-emphasized this point: "Mr. Olsen, I don't you know the thing that caught my eye, other than six DWI's, was the fact that you indicated that you didn't have a drinking problem and maybe you have addressed that issue right now. I don't know." <u>Id.</u>, at 11.

These references may relate to information in the pre-sentence report, but the record leaves that unclear. Whatever the source, these conclusions could not have come from the Appellant's sworn, in-court testimony: he did not testify at the sentencing hearing; he made no statements under oath before the court on the record regarding not having a "drinking problem."

No other factual basis for this conclusion exists in the record. Neither the State nor

the Appellant offered any testimony from any social worker, psychologist, or other health care professional: the record reflects no expert testimony on the issue of whether (or not) the Appellant has a "drinking problem." Thus, this failure to "admit" that he has a "problem" amounts to the Appellant failing to "admit" something that has not been shown to be true.

If the Appellant did indeed deny having a problem when a problem does exist, then he is either being punished for not admitting he has a problem–or for the problem itself. The former violates the Fifth Amendment, as the Appellant should not be compelled to testify whether or not he has a "drinking problem." But the latter presents constitutional issues, as well, implicating the Eighth Amendment.

In Robinson v. California, 370 U.S. 660 (1962), the United States Supreme Court held that a statute criminalizing a person's "status" as a "drug addict" violated the Eighth Amendment. The Court, in analyzing the California statute in question, stated: "Rather, we deal with a statute which makes the 'status' of narcotic addiction a criminal offense, for which the offender may be prosecuted 'at any time before he reforms.'" Id., at 666. The offense in the instant case entails "driving or operating a motor vehicle" while "intoxicated." A person can commit this offense even though he does not have a "drinking problem." A person may in fact have a "drinking problem" but not be guilty of the offense. No one should be punished criminally for his or her status of having a "drinking problem."

By so explicitly utilizing and relying on the Appellant's perceived failure to admit the existence of a "problem" in assessing the punishment that it did, the District Court, no doubt unintentionally, but in practical effect, placed the Appellant in the posture of being punished for not "being a witness against himself" (that is, not admitting he has a

"problem") or, by direct implication, for having that "problem" assumed to exist even in the absence of proof (or admission). This represents what the Fifth Amendment prohibits. This amounts to being punished for "not being a witness" against oneself.

## PRAYER

The Appellant respectfully requests this case be reversed and remanded to the Trial Court for a new hearing on punishment.

Respectfully submitted,

__/s/ Clement Dunn_____
140 East Tyler Street, Suite 240
Longview, Texas 75601
(903) 753-7071 Fax: 903-753-8783
State Bar No. 06249300

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this brief was delivered to the Harrison County District Attorney's Office, Marshall, Texas on this 2nd day of March 2015.

__/s/ Clement Dunn_____

## CERTIFICATE OF WORD COUNT

I hereby certify that a total of 2388 words are included in this brief.

__/s/ Clement Dunn_____